UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 4:11-cv-602-RH/CAS

DANA LASTINGER,

        Plaintiff,

vs.

VMS MAINTENANCE SYSTEMS, INC.
d/b/a TRANSFIELD SERVICES OF
NORTH AMERICA,

        Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL

Defendant, VMS Maintenance Systems, Inc. d/b/a Transfield Services of North America, pursuant to Federal Rule of Civil Procedure 37, respectfully requests entry of an order requiring Plaintiff, Dana Lastinger, to execute Authorizations for Search and Release of Data, permitting Defendant's counsel to obtain access to Plaintiff's messages and postings on social networking websites, or, in the alternative, requiring Plaintiff to obtain and produce all documents responsive to Defendant's requests for production of such documents. The grounds for this motion are set forth below.

## INTRODUCTION AND BACKGROUND

Defendant provides operations and maintenance services for road transport infrastructure and associated facilities for the Florida Department of Transportation (as well as the Departments of Transportation of other States). Plaintiff was employed by Defendant in Monticello, Florida, from July 2, 2001 to September 29, 2009, when she

Firmwide:113724302.1 060921.1025

resigned her employment on the day that she returned to work from a two-month leave of absence following the birth of her child.

Plaintiff alleges that Defendant discriminated against her because of her gender and/or pregnancy by treating her less favorably than similarly-situated male employees, and retaliated against her for complaining about the alleged discrimination. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. Plaintiff's Complaint reflects that she seeks all relief available under those statutes, including damages for alleged emotional distress.

## THE DISCOVERY PROCEEDINGS

### Defendant's First Request for Production of Documents

On January 30, 2012, Defendant (through its prior counsel) served its first Request for Production to Plaintiff (the "First Request").[1] In its First Request, Defendant broadly requested all documents related to Plaintiff's employment with Defendant and/or her factual allegations in this case. In **Request No. 1**, Defendant asked for:

> All notes, logs, diaries, correspondence, e-mails and other documents prepared by Plaintiff pertaining to Plaintiff's employment with Defendant.

In response to this Request, Plaintiff produced two documents:

> RESPONSE: Plaintiff is producing a "memo" to Angela and a Facebook message to Sue Appenzeller.

In **Request No. 2** of the First Request, Defendant requested:

> All notes, logs, diaries, correspondence, e-mails and other documents prepared by Plaintiff pertaining to facts or events alleged in this action.

---

[1] Copies of the relevant discovery pleadings will be separately filed.

Plaintiff produced one document in response to this Request:

> RESPONSE: Please see Facebook message to Sue Appenzeller.

In **Request No. 4**, Defendant asked for:

> All notes, logs, diaries, correspondence, e-mails and other documents prepared by a person other than Plaintiff pertaining to facts or events alleged in this action.

Plaintiff objected to this Request and refused to produce any responsive documents:

> RESPONSE: Plaintiff objects to this question to the extent "a person other than Plaintiff" includes counsel, on the grounds of attorney-client or work-product privilege.

In its First Request, Defendant also requested all documents related to Plaintiff's claimed damages. Specifically, in **Request No. 11**, Defendant requested that Plaintiff produce:

> All documents pertaining to damages claimed by Plaintiff in this action.

Plaintiff responded to this Request as follows:

> Other than tax returns and the documents for her self-employment, Plaintiff has no other documents in her possession, custody or control responsive to this request.

### Defendant's Second Set of Interrogatories and Second Request for Production of Documents

On June 18, 2012, Defendant served its Second Request for Production of Documents to Plaintiff ("Second Request") and its Second Set of Interrogatories to Plaintiff ("Interrogatories"). Plaintiff served her Response to Defendant's Second Request and her Answers to Defendant's Interrogatories on July 24, 2012.

In its Interrogatories, Defendant requested detailed information regarding Plaintiff's internet social networking accounts and activity. Specifically, in **Interrogatory No. 19**, Defendant asked Plaintiff to:

> Please identify each and every social networking account, including but not limited to any account on Facebook, Twitter, MySpace, LinkedIn, Pinterest, Friendster, Classmates, Skype, any Blogger/Blogspot website, or any other page or account created, used and/or maintained by Plaintiff to post any type of information on any internet-based social networking or communication site at any time since January 2007. For each such account, provide:
>
> (a) the name of the service or site;
>
> (b) the website address for the social media service;
>
> (c) the email address associated with your login to the service or site;
>
> (d) the date of account creation; and
>
> (e) the date of your last login.
>
> For each such account, please also complete the attached Authorization for Search and Release of Data.

Plaintiff responded to this Interrogatory as follows:

> ANSWER:   a) Facebook
> b) www.facebook.com
> c) *[Plaintiff's email address redacted]*
> d) October 7, 2006
> e) Check it daily
>
> a) MySpace
> b) www.myspace.com
> c) *[Plaintiff's email address redacted]*
> d) don't know
> e) don't know
>
> a) LinkedIn
> b) www.linkedin.com

- 4 -

      c) *[Plaintiff's email address redacted]*
      d) don't know
      e) July 5, 2012

      a) Pinterest
      b) www.pinterest.com
      c) Logged on by clicking on "Log on using Facebook." I am guessing *[Plaintiff's email address redacted]*
      d) don't know
      e) don't know

      a) Classmates
      b) www.classmates.com
      c) *[Plaintiff's email address redacted]*
      d) don't know
      e) don't know

Plaintiff did not complete and return the Authorizations for Search and Release of Data for her social networking accounts with her interrogatory answers, as requested by Defendant.

In **Request No. 2** of its Second Request, Defendant specifically requested all correspondence between Plaintiff and any current or former employee of Defendant:

> All documents, correspondence and communications between you and any current or former director, officer, or employee of VMS.

Plaintiff produced some documents responsive to Request No. 2, stating:

> RESPONSE: Attached are emails that are responsive to this request.

In **Request No. 11**, Defendant specifically requested documents sent or received electronically related to Plaintiff's claims in this case, asking for:

> All documents sent, received, or stored by you using personal email accounts or any Internet site or account (such as MySpace, Facebook, LinkedIn, any Internet

- 5 -

>   chatlist, blog or other similar websites) concerning or relating to:
>
>   a.  your employment with VMS and/or the claims asserted in your Complaint against VMS;
>
>   b.  any efforts that you made to find employment during or subsequent to your employment with VMS;
>
>   c.  your emotional state at any time during or subsequent to your employment with VMS and/or any facts or circumstances relating to or affecting your emotional state during such time; and/or
>
>   d.  the damages or other relief that you claim to have sustained and for which you seek recovery in this matter.

Plaintiff responded to this Request as follows:

>   RESPONSE: Please see emails in Number 2. A download of Plaintiff's FB is being worked on and will be provided upon receipt.

### **The Documentary Evidence and Plaintiff's Deposition Testimony**

Defendant took Plaintiff's deposition on August 3, 2012. When asked about the meaning of her response to Request No. 11, Plaintiff responded that she did not know and that her attorneys were "working on it." She further testified that her personal computer had crashed several months earlier, perhaps around the "first of the year," and that she therefore is unable to access her electronically-stored data.[2]

In light of this testimony, at the conclusion of Plaintiff's deposition, undersigned counsel again requested that Plaintiff execute the Authorizations for Search and Release of Data, authorizing the undersigned to obtain access to Plaintiff's messages and postings

---

[2] Plaintiff testified that she did not take her computer to a professional to see if she could get it fixed.

- 6 -

on social networking websites. The attorney who was representing Plaintiff at her deposition advised that she would discuss the matter with Plaintiff's lead counsel. To date, Plaintiff has neither returned the completed Authorizations nor produced documents responsive to Defendant's discovery requests.

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure allow liberal discovery for the purposes of narrowing the issues for trial, obtaining evidence for use at trial, and securing information regarding the existence of evidence. *Berry v. Haynes*, 41 F.R.D. 243, 244 (S.D. Fla. 1966). Liberal discovery is intended "to make trial 'less a game of blindman's bluff and more a fair contest.'" *Federal Deposit Ins. Corp. v. Cherry, Bekaert & Holland*, 131 F.R.D. 202, 204 (M.D. Fla. 1990) (*quoting Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978)). Discovery allows litigants to avoid trying civil cases "in the dark" by providing the means "to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). In the instant case, Plaintiff has failed to comply with her discovery obligations under the applicable rules, by failing to fully and completely respond to Defendant's requests for all written communications related to her claims in this case.

As noted above, in response to Request No. 2 of Defendant's Second Request, Plaintiff produced numerous email messages. The documents produced by Plaintiff included messages that she sent to and received from some of Defendant's former employees, discussed Plaintiff's employment with Defendant, her claims in this case, and

her mitigation efforts (or lack thereof).[3]  It also includes a great deal of "gossip" about Plaintiff's former co-workers.[4]  Significantly, however, the earliest date of the email messages produced by Plaintiff is December 2009; Plaintiff did not produce any documents responsive to this Request from any point prior to that time.  In her Complaint, Plaintiff alleges that she was subjected to discrimination and retaliation during her employment with Defendant from January or February of 2009 until September 29, 2009, when she resigned.

In light of Plaintiff's interrogatory answer reflecting that she signs on to Facebook every day, it can reasonably be expected that Plaintiff posted information on and/or sent messages through her social networking accounts during her employment and in the months immediately following her resignation.  In fact, the evidence produced in this case to date reflects that, on the day that she resigned, Plaintiff sent an e-mail to a co-worker in which she stated that her supervisor was letting her leave early, "so I will see ya on facebook!!"[5]

Plaintiff herself apparently concedes that her social networking accounts contain relevant information, as she did not object to Defendant's discovery requests and in fact indicated that she would be producing responsive documents.  Notably, however, such documents should have been obtained and produced in response to Defendant's First Request, which was served in January 2012.  Since Plaintiff has had ample time to obtain and produce the documents but has failed to do so, she should be ordered to execute

---

[3] *E.g.*, Plaintiff's Dep. Exs. 19, 34, 40, 41.

[4] *E.g.*, Plaintiff's Dep. Exs. 37, 43, 46, 47.

[5] Plaintiff's Dep. Ex. 22.

authorizations permitting Defendant's counsel to access her messages and postings on social networking websites.

## CONCLUSION

As demonstrated above, Plaintiff has failed to respond fully and completely to Defendant's discovery requests. Accordingly, Plaintiff should be ordered to comply with those requests.

WHEREFORE, Defendant respectfully requests entry of an order:

(1)   requiring Plaintiff to execute Authorizations for Search and Release of Data, permitting Defendant's counsel to obtain access to Plaintiff's messages and postings on social networking websites; or, alternatively,

(2)   requiring Plaintiff to obtain and produce all documents responsive to Defendant's request for the production of such information;

within ten days from entry of the Order, failing which the Court shall award appropriate sanctions.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

In accordance with Local Rule 7.1(B), counsel for Defendant conferred with Plaintiff's counsel on August 3, 2012 following Plaintiff's deposition in an effort to resolve the issues raised by the instant Motion to Compel. Undersigned counsel also subsequently attempted to reach Plaintiff's counsel to discuss this matter, but, as of the filing of this Motion, has not received a substantive response.

## CERTIFICATE OF SERVICE

I certify that a copy hereof was served on all counsel of record via Notice of Electronic Filing on this 10th day of August, 2012.

    Respectfully submitted,

    LITTLER MENDELSON, P.C.
    *Counsel for Defendant*
    One Biscayne Tower, Suite 1500
    2 South Biscayne Boulevard
    Miami, Florida 33131-1804
    (305) 400-7500
    (305) 603-2552 (fax)

    By: *s/ Gaye L. Huxoll*
        Gaye L. Huxoll
        Florida Bar No. 149497
        ghuxoll@littler.com

Firmwide:113724302.1 060921.1025